UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARCO MARTINEZ and ELSA HERNANDEZ,

Individually and on behalf of all others similarly situated,

                           Plaintiffs,

            -against-

PARAMOUNT COUNTRY CLUB, LLC,

                          Defendant.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

18 Civ. 04668 (VB)(JCM)

To the Honorable Vincent L. Briccetti, United States District Judge:

This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Docket No. 1). On February 6, 2019, Plaintiff Elsa Hernandez ("Hernandez") accepted an Offer of Judgment for $8,008.52 pursuant to Federal Rule of Civil Procedure 68, exclusive of reasonable attorneys' fees. (Docket Nos. 36, 41). On February 6, 2019, Hernandez moved for attorneys' fees. (Docket No. 39). Defendant Paramount Country Club, LLC ("Defendant") opposed the motion on February 22, 2019, (Docket No. 56), and Hernandez replied on March 1, 2019.[1] (Docket No. 58). Defendant requested a fact-finding hearing to assess the reasonableness of Hernandez's attorneys' fees. The Court finds such a hearing unnecessary and makes this recommendation based upon the briefs, declarations, and evidence submitted by the parties. For the reasons below, the Court respectfully recommends granting Hernandez's motion in part and awarding attorneys' fees in the amount of $17,224.50.

---

[1] The parties' briefs are hereinafter referred to as "Pl. Br.," "Def. Br." and "Pl. Reply." (Docket Nos. 39-8, 56, 58). All page number citations to briefs refer to the page number assigned upon electronic filing.

1

## I. BACKGROUND

Plaintiff Marco Martinez ("Martinez") filed this action against Defendant on May 25, 2018, alleging violations of the FLSA and NYLL. (Docket No. 1). On August 6, 2018, Hernandez retained Katz Melinger PLLC ("Katz Melinger") and Hach, Rose, Schirripa & Cheverie LLP ("HRSC") to represent her in connection with recovering unpaid spread-of-hour wages from Defendant. (Katz Dec.[2] ¶ 39). Plaintiffs' attorneys amended the complaint on August 27, 2018 to add Hernandez as a plaintiff as well as class allegations ("Amended Complaint"). (Docket No. 14). Hernandez asserted the following claims against Defendant: (1) spread-of-hour violations under the NYLL; (2) failure to provide payroll notices under NYLL § 195(1); (3) failure to provide wage statements under NYLL § 195(3); and (4) failure to timely pay wages under NYLL § 191(1). (Docket No. 14). Hernandez sought $945.00 for unpaid spread-of-hour wages, $945.00 for liquidated damages; and $10,000.00 for liquidated damages based on Defendant's alleged failure to provide payroll notices and wages statements. (Katz Dec. ¶ 42).

On October 17, 2018, Defendant moved to dismiss the Amended Complaint, arguing that Plaintiffs' claims were subject to arbitration. (Docket No. 24). Plaintiffs opposed the motion on October 31, 2018. (Docket No. 29). While Defendant's motion to dismiss was pending, Defendant offered Hernandez a Rule 68 Offer of Judgment in the amount of $8,008.52 "inclusive of all of Plaintiff Hernandez's claims for relief, fees, and costs, but exclusive of Plaintiff Hernandez's claim for reasonable attorneys' fees." (Docket No. 41). Hernandez filed her Notice of Acceptance of the Rule 68 offer on February 6, 2019 and simultaneously moved for attorneys'

---

[2] Refers to the declaration of Kenneth J. Katz, dated February 6, 2019. (Docket No. 39-4).

fees, seeking attorneys' fees for her counsel's work from August 6, 2018, the date of retention, through preparation of the instant motion. (Docket Nos. 36, 39, 41).

## II. DISCUSSION

The NYLL provides for an award of reasonable attorneys' fees to a prevailing plaintiff in a wage-and-hour action. NYLL § 198. "A Rule 68 offer of judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party." *Black v. Nunwood, Inc.*, No. 13 Civ. 7207 (GHW), 2015 WL 1958917, at *2 (S.D.N.Y. Apr. 30, 2015) (quoting *Delta Air Lines v. August*, 450 U.S. 346, 363 (1981)). In this case, the Offer of Judgment expressly states that Hernandez may seek "reasonable attorneys' fees accrued as of the date of this Offer of Judgment" following her acceptance. (Docket No. 41 at 3).

By this motion, Hernandez seeks to recover $58,682.50 in attorneys' fees. (Pl. Reply at 14). Defendant challenges the fees sought. Defendant argues (1) Hernandez is precluded from seeking fees because she did not submit her retainer or contingency agreement for the Court's review, (Def. Br. at 14); (2) Hernandez is not entitled to "fees on fees," or fees incurred after the date of the Offer of Judgment, (*id.* at 20); and (3) the amount sought is not reasonable, (*id.* at 19).

### A. Retainer Agreement

Defendant argues that Hernandez's motion should be denied in its entirety because she did not submit for the Court's review the applicable retainer or contingency fee agreement. (Def. Br. at 14). Hernandez maintains that production of a retainer agreement is not a prerequisite for an award of attorneys' fees. (Pl. Reply at 8).

In this Circuit, it is well-established law that a moving party must submit "contemporaneous time records that '[specify], for each attorney, the date, the hours expended, and the nature of the work done.'" *Bhungalia Family, LLC v. Agarwal*, 317 F. Supp. 3d 727, 739 (S.D.N.Y. 2018) (quoting *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir.

3

2014)). The fee applicant also "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Nautilus Neurosciences, Inc. v. Fares*, No. 13 Civ. 1078 (SAS), 2014 WL 1492481, at *1 (S.D.N.Y. Apr. 16, 2014) (citation and internal quotation marks omitted). In assessing the reasonable hourly rate, "[t]he 'court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district' and 'on evidence proffered by the parties.'" *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 338 (S.D.N.Y. 2016) (citation omitted).

While a retainer agreement can serve as evidence of counsel's customary rate, Defendant does not cite, and the Court cannot identify, a case that *mandates* the production of a retainer agreement to support an award of attorneys' fees. Here, Hernandez has submitted some evidence in support of her counsel's reasonable hourly rate, including attorney declarations, time records and other cases that have awarded attorneys' fees to her counsel at or near the requested rates. The Court will consider whether the evidence submitted by Hernandez carries her burden of demonstrating that the requested rates are reasonable. However, the Court respectfully recommends that denial of Hernandez's motion in its entirety for lack of a retainer agreement is not warranted.

**B. Fees for Hernandez's Fee Application**

Defendant contends that under the terms of the Offer of Judgment, Hernandez is entitled only to attorneys' fees accrued as of January 23, 2019, the date of the Offer of Judgment. (Def. Br. at 20). Defendant points to the language in the Offer of Judgment, which states that a "separate offer of Plaintiff Hernandez's reasonable attorneys' fees accrued as of the date of this Offer of Judgment is to be determined by the Court following Plaintiff Hernandez's acceptance

of this Offer of Judgment." (Docket No. 41).  Hernandez responds that she is entitled to reasonable attorneys' fees for the time spent making this fee application. (Pl. Reply at 5).

Generally, a prevailing party seeking a reasonable fee under a fee-shifting statute may be "awarded fees for time reasonably spent in establishing the entitlement to the fee award." *Clarke v. Hudson Valley Fed. Credit Union*, No. 14 Civ. 5291 (KBF), 2016 WL 884667, at *7 (S.D.N.Y. Mar. 8, 2016).  However, courts in this Circuit are divided as to whether a prevailing party can obtain fees incurred in connection with a fee application where the Rule 68 offer curtails attorneys' fees to the date of the offer. *Compare Schoolcraft v. City of N.Y.*, No. 10 Civ. 6005 (RWS), 2016 WL 4626568, at *13 (S.D.N.Y. Sept. 6, 2016), modified on reconsideration, 248 F. Supp. 3d 506 (S.D.N.Y. 2017) (declining to award fees on fees where Rule 68 offer limited plaintiff to reasonable attorney's fees "to the date of this offer"); *Clarke*, 2016 WL 884667, at *7 ("[A]ny fees relating to work performed in relation to [plaintiff's] motion for attorney's fees – which necessarily occurred after that date [agreed to in the Rule 68 offer] – is beyond the scope of fees to which the parties agreed and which [plaintiff] may fairly be entitled to in this case."); *James v. City of N.Y.*, No. 15 Civ. 3657 (ERK)(PK), 2017 WL 2414627, at *1 (E.D.N.Y. June 2, 2017) (fee award should exclude "fees on fees" where the offer of judgment limited recovery of fees "to the date of this offer"), *with Rosado v. City of N.Y.*, No. 11 Civ. 4285 (SAS), 2012 WL 955510, at *6 (S.D.N.Y. May 15, 2012) (permitting fees on fees "as a matter of equity" notwithstanding the limitation in a Rule 68 offer); *Lee v. Santiago*, No. 12 Civ. 2558 (PAE)(DF), 2013 WL 4830951, at *13 (S.D.N.Y. Sept. 10, 2013) ("Although, by necessity, Plaintiff's counsel's work on the fee application occurred after the date of the Offer of Judgment . . . the Court concludes that it retains discretion to award reasonable compensation for this work.").

Here, the Court is persuaded by the reasoning in cases that have denied fees on fees. By the plain terms of the Rule 68 Offer of Judgment, the parties agreed that Hernandez could seek to recover fees "accrued as of the date of this Offer," and the Court does not identify an equitable basis to disturb the parties' agreed-upon limitation. *See Schoolcraft*, 2016 WL 4626568, at *13; *Clarke*, 2016 WL 884667, at *7. Thus, the Court respectfully recommends that Hernandez is entitled to attorneys' fees incurred until January 23, 2019, the date of the Offer of Judgment.

## C. Reasonable Attorneys' Fees

The Court "retains discretion to determine . . . what constitutes a reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citation and internal quotation marks omitted). The Second Circuit has held that "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Id.* (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The parties here agree that the lodestar method is appropriate. (Pl. Br. at 8; Def. Br. at 12).

In assessing the reasonableness of attorneys' fees, the Court may generally: "(1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the reasonable hourly rate by the number of hours reasonably expended to determine the presumptively reasonable fee; and (4) make an appropriate adjustment to arrive at the final fee award." *Creighton v. Dominican Coll.*, No. 09-cv-3983 (TZ), 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011). However, "there is no precise rule or formula for determining a proper attorney's fees award; rather, the district court should exercise its equitable discretion in light of all relevant factors." *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015) (citation and internal quotation marks omitted).

**1. Reasonable Hourly Rate**

Hernandez requests that the Court apply the following hourly rates for the work performed by her attorneys:

| Name | Law Firm | Position | Years of Experience | Requested Hourly Rate |
|---|---|---|---|---|
| Frank Schirripa | HRSC | Partner | 16 | $500.00 |
| John Blyth | HRSC | Associate | 5 | $300.00 |
| Kenneth Katz | Katz Melinger | Partner | 16 | $425.00 |
| Adam Sackowitz | Katz Melinger | Associate | 5 | $300.00 |
| Katherine Morales | Katz Melinger | Associate | 2 | $275.00 |
| Nicola Ciliotta | Katz Melinger | Law Clerk | Under 1 | $225.00 |

(Schirripa Dec.[3] ¶¶ 23, 37; Katz Dec. ¶ 52; Pl. Br. at 9-11). Defendant contends that the attorneys' requested rates are unreasonable. (Def. Br. at 15).

While Mr. Schirripa and Mr. Katz are experienced attorneys, partners are commonly awarded between $300.00 and $400.00 per hour in FLSA and NYLL cases within the Southern District of New York. *See Hernandez v. JRPAC Inc.*, 14 Civ. 4176 (PAE), 2017 WL 66325, at *2–3 (S.D.N.Y. Jan. 6, 2017). The rates sought by Hernandez's counsel are at the upper end of what partners are typically awarded in such cases. Hernandez cites to cases in the Eastern District of New York where Mr. Schirripa was awarded an hourly rate of $450.00 and Mr. Katz was awarded an hourly rate of $400.00. (Schirripa Dec. ¶ 25; Katz Dec. ¶ 54). Mr. Katz also included the declaration of attorney Christopher Davis in support of his position that the rates sought are the prevailing rates in the market. (Katz Dec. Ex. E). Considering the evidence submitted by Hernandez as well as the range of rates typically approved of in this District for similar work, the Court respectfully recommends that $400.00 is a reasonable hourly rate for Mr. Schirripa's and Mr. Katz's work.

---

[3] Refers to the Declaration of Frank R. Schirripa, dated February 6, 2019. (Docket No. 39-1).

As for the associates, cases in this District generally approve rates between $200.00 and $300.00 for associates, with a rate of $300.00 reserved for senior associates with eight or more years of experience. *See Velandia v. Serendipity 3, Inc.*, No. 16 Civ. 1799 (AJN), 2018 WL 3418776, at *4 (S.D.N.Y. July 12, 2018) ("Courts in this District routinely approve of an hourly rate for associates between $200 and $300"); *Hernandez*, 2017 WL 66325, at *3 ("[T]he case law has approved rates of $300 an hour for those with eight or more years' experience."). As for Mr. Blyth and Mr. Sackowitz, the Court respectfully recommends awarding a $250.00 hourly rate given their credentials and five plus years of experience. With respect to Ms. Morales, who possesses two years of experience, the Court recommends awarding $200.00 per hour for her work. Finally, for Ms. Ciliotta, the Court recommends awarding an hourly rate of $125.00, which is in line with the prevailing market rate typically awarded for law clerks awaiting admission to the Bar. *See Manley v. Midan Rest. Inc.*, No. 14 Civ. 1693 (HBP), 2017 WL 1155916, at *12 (S.D.N.Y. Mar. 27, 2017) (collecting cases).

## 2. Hours Expended

Based on the time records Hernandez submitted in support of her motion, her attorneys worked the following hours during the applicable time period:

| Name | Law Firm | Position | Hours |
| --- | --- | --- | --- |
| Frank Schirripa | HRSC | Partner | 8.4 |
| John Blyth | HRSC | Associate | 15 |
| Kenneth Katz | Katz Melinger | Partner | 31.2 |
| Adam Sackowitz | Katz Melinger | Associate | 0.3 |
| Katherine Morales | Katz Melinger | Associate | 44.9 |
| Nicole Ciliotta | Katz Melinger | Law Clerk | 0.5 |
| **Total** | | | 100.3 |

(Schirripa Dec. Ex. D; Katz Dec. Ex. B).

"Adjustments must be made to the number of hours expended based on case-specific factors, including deductions for 'excessive, redundant, or otherwise unnecessary hours.'"

*Creighton*, 2011 WL 4914724, at *6 (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). "In so doing, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (citation and internal quotation marks omitted).

Having reviewed the time records, the Court finds that the hours in this litigation should be reduced in light of the number of attorneys staffed, the routine nature of the litigation, and the early resolution of Hernandez's claim. However, rather than reduce the award hour-by-hour, the Court will instead apply a percentage reduction to the preliminary fee award, as discussed further below in Section II.C.4. *See Congregation Rabbinical Coll.*, 188 F. Supp. at 344 ("It is common practice in this Circuit to reduce a fee award by an across-the-board percentage where a precise hour-for-hour reduction would be unwieldy or potentially inaccurate.") (citation and internal quotation marks omitted).

### 3. Preliminary Fee

By multiplying the reasonable hourly rates by the number of hours expended, the preliminary fee is $28,707.50.

| **Name** | **Position** | **Reasonable Hourly Rate** | **Hours Expended** | **Preliminary Fee** |
|---|---|---|---|---|
| Frank Schirripa | Partner | $400.00 | 8.4 | $3,360.00 |
| John Blyth | Associate | $250.00 | 15 | $3,750.00 |
| Kenneth Katz | Partner | $400.00 | 31.2 | $12,480.00 |
| Andrew Sackowitz | Associate | $250.00 | 0.3 | $75.00 |
| Katherine Morales | Associate | $200.00 | 44.9 | $8,980.00 |
| Nicole Ciliotta | Law Clerk | $125.00 | 0.5 | $62.50 |
| **Total** | | | | $28,707.50 |

### 4. Adjusted Reasonable Award

The Court has discretion to adjust the fee award by an across-the-board percentage. As mentioned above, the Court finds that a reduction is warranted for several reasons. First, the hours expended are excessive considering the quick and early resolution of Hernandez's claim, which did not extend past the pleading stage. Hernandez's retained counsel worked on this matter for about five months after the initial complaint had already been filed. Counsel worked on an amended complaint, attended mediation, and opposed a motion to compel arbitration. The case did not enter discovery or involve significant or complex motion practice. *See Rothschild v. Arcadia Bureau, LLC*, No. 17 Civ. 721 (VB), 2017 WL 6512303, at *1 (S.D.N.Y. Dec. 19, 2017) (claimed hours were excessive on a "routine and uncomplicated matter" that was "quickly resolved"). Second, Hernandez does not explain why she retained two law firms instead of one, which resulted in duplicative billing and an excessive amount of entries devoted to conferring with co-counsel. *See Congregation Rabbinical Coll.*, 188 F. Supp. 3d at 342 (reducing fees based on duplicative billing by multiple attorneys). Furthermore, although Hernandez's counsel removed time entries unrelated to Hernandez's claim, it is clear that there are hours attributable to Martinez and the class action that cannot be fully parsed out. *See Wise v. Kelly*, 620 F. Supp. 2d 435, 461 (S.D.N.Y. 2008) (fee reduction warranted where one plaintiff in a class accepted a Rule 68 offer).

Considering the above factors, especially the simplicity of Hernandez's claims, the Court recommends a 40% reduction of the fee award. *See Francois v. Mazer*, 523 Fed. Appx. 28 (2d Cir. 2013) (affirming district court's reduction of attorneys' fees in FLSA case by 40%); *Yea Kim v. 167 Nail Plaza, Inc.*, No. 05 Civ. 8560 (GBD)(GWG), 2009 WL 77876, at *1-2 (S.D.N.Y. Jan. 12, 2009) (adopting recommendation to reduce attorneys' fees to prevailing

FLSA plaintiff by 40%). Applying a 40% reduction to $28,707.50, the final adjusted award is $17,224.50.

## III. CONCLUSION

For the foregoing reasons, the Court concludes and respectfully recommends that Hernandez's motion be granted in part and attorneys' fees be awarded in the amount of $17,224.50.

## IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file written objections. *See* Fed. R. Civ. P. 6(a) and (d) (rules for computing time). A party may respond to another party's objections within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2). Objections and responses to objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Vincent L. Briccetti at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Requests for extensions of time to file objections must be made to the Honorable Vincent L. Briccetti and not to the undersigned. Failure to file timely objections to this Report and Recommendation will result in a waiver of objections and will preclude later appellate review of

any order of judgment that will be rendered. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), 72(b); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

Dated:    April 1, 2019
           White Plains, New York

                                            **RESPECTFULLY SUBMITTED:**

                                            _____
                                            JUDITH C. McCARTHY
                                            United States Magistrate Judge