USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/20/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARCO MARTINEZ, individually and on
behalf of all others similarly situated,
      Plaintiff,

v.

PARAMOUNT COUNTRY CLUB, LLC,
      Defendant.
------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

18 CV 4668 (VB)

Briccetti, J.:

  Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R"), dated April 1, 2019 (Doc. #64), on plaintiff Elsa Hernandez's motion for attorneys' fees (Doc. #39).[1] Judge McCarthy recommended granting Hernandez's motion in part and awarding attorneys' fees in the amount of $17,224.50.

  Hernandez filed timely objections to the R&R (Doc. #65) and defendant filed a "Statement in Support of the Report and Recommendation" (Doc. #67). Hernandez objects to Judge McCarthy's recommendations that the Court (i) award attorneys' fees accrued as of January 23, 2019, the date of the offer of judgment, and (ii) further reduce the fee award by forty percent.

  The Court has reviewed the R&R and finds no error, clear or otherwise. Moreover, for the following reasons, the Court rejects Hernandez's arguments and adopts the R&R.

  Accordingly, Hernandez's motion is GRANTED IN PART and DENIED IN PART. The Court awards Hernandez $17,224.50 in attorneys' fees.

  Familiarity with the factual and procedural background of this case is presumed.

---

[1] On February 6, 2019, Hernandez accepted an Offer of Judgment for $8,008.52 pursuant to Fed. R. Civ. P. 68, exclusive of attorneys' fees. (Doc. #41).

1

## DISCUSSION

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, see Fed. R. Civ. P. 6(d).

"Pursuant to Federal Rule of Civil Procedure 54(d)(2)(D), when reviewing a magistrate judge' decision on a motion for attorney's fees, the Court will treat that motion as a 'dispositive pretrial matter.'" Wells Fargo Bank, N.A. v. ESM Fund I, LP, 2013 WL 2395615, at *1 (S.D.N.Y. May 31, 2013) (internal citation omitted). Insofar as a report and recommendation addresses a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

First, Hernandez argues equity and public policy considerations weigh in favor of allowing recovery for fees incurred after the date of the offer of judgment. The Court disagrees. The parties explicitly limited Hernandez's recovery to fees "accrued as of the date" of the offer

2

of judgment. (Doc. #41 Ex. A ("Offer of Judgment") at 1). The Court will not disturb the parties' unambiguous agreement.

Moreover, the Court rejects Hernandez's attempt to frame herself as helpless, with no alternative but to accept the offer of judgment. Hernandez argues defendant "chose to curtail Hernandez's fees" to the date of the offer of judgment while knowing Hernandez would incur fees in making her fee application. (Doc. #65 ("Objections") at 3). But Hernandez could have negotiated for terms that included a specific amount of attorneys' fees or allowed Hernandez to recover fees incurred in preparing her fee application.

Second, Hernandez argues Judge McCarthy's additional forty-percent reduction of the fee award is excessive. The Court disagrees. Judge McCarthy provided three bases for reducing the fee award by forty percent, all of which are sound.

First, Judge McCarthy found Hernandez's counsel spent an excessive amount of time—approximately 100 hours—on a relatively straightforward case that did not extend past the pleading stage or involve complex motion practice. The Court agrees with that finding. The reduction does not, as Hernandez contends, penalize Hernandez for participating in a Court-ordered mediation, defending a motion to compel arbitration, or "diligently preparing for litigation of this matter." (Objections at 7). Rather, counsel billed an excessive amount of time for those tasks.

Second, Judge McCarthy recommended reducing the fee award because counsel billed hours attributable to Hernandez's co-plaintiff Martinez and to the class action claims. The Court agrees a reduction in the fee award is appropriate for time spent on class and other individuals' claims that cannot be fully parsed out. Moreover, there is no question some of the time counsel billed was spent on such claims—Hernandez admitted as much in her objections, stating her

attorneys "prepared for, investigated, and litigated this case as a putative class action." (Objections at 7).

Third, Judge McCarthy found Hernandez's hiring of two law firms resulted in duplicative billing and an excessive number of entries devoted to conferring with co-counsel. On this issue, Hernandez argues she was required to retain class counsel that is qualified and experienced in class action law and wage and hour litigation. Yet, Hernandez's argument further supports Judge McCarthy's recommendation to reduce the award by forty percent because it suggests Hernandez hired a second firm to pursue the <u>class</u> claims, not Hernandez's <u>own</u> claims. Moreover, Hernandez admits that fifteen time entries (out of almost 100) included time for conferring with co-counsel. A reduction that accounts for those time-entries is especially reasonable in light of the fact that co-counsel was hired to pursue class claims.

Accordingly, Hernandez's objections are OVERRULED.

## CONCLUSION

Hernandez's objections to the R&R are OVERRULED. (Doc. #65).

The R&R is adopted as the opinion of the Court. (Doc. #64).

Hernandez's motion for attorneys' fees is GRANTED IN PART and DENIED IN PART. (Doc. #39). The Court awards Hernandez $17,224.50 in attorneys' fees.

The Clerk is instructed to terminate the motion (Doc. #39) and enter partial judgment accordingly.

Dated: May 20, 2019
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge