UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARCO MARTINEZ, individually and on
behalf of all others similarly situated,
                Plaintiff,

v.

PARAMOUNT COUNTRY CLUB, LLC,
                Defendant.
--------------------------------------------------------------x

**ORDER**

18 CV 4668 (VB)

     Plaintiff brings claims under the Fair Labor Standards Act and New York Labor Law. (Doc. #14). Pending before the Court is defendant's motion to compel arbitration and dismiss or stay proceedings. (Doc. #24). Plaintiff opposes the motion, stating he did not sign the arbitration agreement. (Doc. #29).

     As discussed at a conference held yesterday, which counsel for both parties attended in person, it is HEREBY ORDERED:

     1.    Because there is an issue of fact as to the making of the agreement for arbitration, a trial on that issue is necessary. Bensadoun v. Jobe–Riat, 316 F.3d 171, 175 (2d Cir. 2003); see also 9 U.S.C. § 4 ("If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof."). **Accordingly, the Court will hold a bench trial on September 12, 2019, at 9:30 a.m.**[1]

     2.    By July 12, 2019, each side shall produce to the other side copies of all documents that will be offered in evidence, except those for impeachment, and a list of all

---

[1] Under Section 4 of the Federal Arbitration Act, a party opposing arbitration may demand a jury trial on the issue of arbitrability, "on or before the return day of the notice of application [for an order to compel arbitration]." However, at yesterday's conference, both parties consented to a bench trial on this issue.

1

witnesses that each side intends to call. If a document that will be used at trial has already been produced, a party may simply identify the document.

3. Plaintiff, as the party resisting arbitration, bears the burden of proving the claims at issue are unsuitable for arbitration. Qin Hui Li v. Wok 88 Inc., 2018 WL 3384441, at *4 (S.D.N.Y. July 11, 2018) (citing Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 91 (2000)).

4. Counsel are reminded that if an interpreter is required for any witness, it is the responsibility of the party calling the witness to arrange for a certified court interpreter.

Dated: June 20, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

2