

August 13, 2019

Nancy V. Wright
212.915.5845 (direct)
Nancy.Wright@wilsonelser.com

**VIA ECF**

Honorable Vincent L. Briccetti
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      **Re:**      *Martinez, et al v. Paramount Country Club, LLC*
      **Our File No.:**      16541.00185
      **Docket No.:**      7:18-cv-04668 (VB) (JCM)

Dear Judge Briccetti:

We represent the defendant Paramount Country Club, LLC ("PCC") in the referenced matter. We write pursuant to Your Honor's Individual Rule 1.B, to specifically request that one of PCC's potential witnesses, Crystle Smith, for the upcoming September 12, 2019 bench trial be permitted to testify via live video-conference. Pursuant to Rule 43(a), a District Court may allow a witness to testify remotely when justified by "good cause in compelling circumstances…" Fed.R.Civ.P. 43(a). We respectfully submit that Ms. Smith's current situation falls squarely within that standard.

We acknowledge Your Honor's ruling on July 25, 2019 (Dkt. No 81) that domestic travel alone is insufficient to meet the requisite "good cause in compelling circumstances" threshold to allow for such testimony. We have recently received information, however, regarding Mrs. Smith's particular difficulties in traveling for the bench trial on September 12, 2019. Ms. Smith's husband is having two concurrent surgeries on August 22, 2019, the details of which we would be happy to provide to Your Honor in camera to avoid detailing these issues via an ECF filing. The surgery will affect Mr. Smith's mobility for several weeks, including travelling for necessary doctors' appointments and rehabilitation. As such, Mrs. Smith will be working from home as of August 22, 2019 in order to care for him with no determined end date at this time.

Rule 43(a) provides that that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Thomas v. O'Brien*, No. 5:08-CV-0318 DEP, 2011 WL 5452012, at *4 (N.D.N.Y. Nov. 8, 2011). The decision is left to the discretion of the court, which must "balance claims of prejudice and those of hardship." *See Usov v. Lazar*, No. 13 CIV. 818, 2015 WL 5052497, at *1 (S.D.N.Y. Aug. 25, 2015) (citing *RP Family, Inc. v. Commonwealth Land Title Ins. Co.,* No. 10 Civ. 1149, 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011).

A showing of good cause and compelling circumstances arises when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. *See United States v. Gigante*, 971 F. Supp. 755, 757 (E.D.N.Y. 1997), aff'd, 166 F.3d 75 (2d Cir. 1999) (health-related reasons restricting travel held good cause for permitting live-video testimony).

Ms. Smith is in fact able to testify remotely. Traveling, even for one day, to a different state where she cannot provide care for her husband's health post-surgery would be an undue burden on Ms. Smith.

Plaintiff's counsel has consented to our request for this witness to testify via videoconference. *See State v. Robert F.*, 25 N.Y.3d 448, 34 N.E.3d 829 (2015) (utilization of live video testimony when all parties consent not prejudicial to the non-moving party). Pursuant to both the compelling nature of Ms. Smith's husband's post-operation needs and given the consent of Plaintiff's counsel, we respectfully request that Ms. Smith be permitted to testify via video conference should PCC be required to call her as a witness.

We thank the Court for its time and attention to this matter.


Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**


*Nancy V. Wright*

Nancy V. Wright, Esq.


cc:     Kenneth Katz, Esq. (*via* ECF)